REQUESTED BY: Senator David Landis Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Landis:
This is in reply to your recent letter concerning LB 327, now pending in the Legislature.
According to your later call, you have withdrawn your first question because you plan to remove the reference to bankruptcy in your amendment to said bill.
In regard to your second question as to whether or not LB 327 would endanger the waiver of federal bankruptcy exemptions accomplished by LB 940 in 1980, it would have no effect. Section 1 of said LB 940 specifically provides that, `The federal exemptions provided in 11 U.S.C. § 522, subsection (d), are hereby rejected by the State of Nebraska. The State of Nebraska elects to retain the personal exemptions provided under Nebraska statutes and the Nebraska Constitution. . .'
Subsection (d) of 11 U.S.C. § 522, referred to in the above quote, lists the exemptions allowed under (b)(1) of said section of the Bankruptcy Act.
Subsection (b)(1) provides in pertinent part that a bankruptcy debtor may exempt property that is specified under subsection (d), above referred to, unless the state law where the debtor has had his domicile, as defined, specifically does not so authorize.
The beginning of section 1 of LB 940 fulfills this latter requirement by specifically rejecting the exemptions under said subsection (d).
Subsection (d)(2)(A) of the same section of the Bankruptcy Act then provides that, in the alternative, a debtor may exempt any property that is exempt under the state law of the domicile of the debtor as defined in said section.
Therefore, since the state has specifically rejected the provisions of said subsection (d) of 11 U.S.C. § 522 and has made provisions under state law, we are of the opinion that LB 327 does not endanger the accomplishments of LB 940 of 1980.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General